STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RAYMOND T. HATFIELD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1197**  (BOR Appeal No. 2048430)
                    (Claim No. 2012025347)


**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Raymond T. Hatfield, by Cathy L. Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 1, 2013, in which the Board affirmed a May 20, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 13, 2012, decision denying Mr. Hatfield's request for a biceps tenodesis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hatfield worked as a maintenance worker for Huntington Alloys Corporation. On January 11, 2012, Mr. Hatfield injured his shoulder when a 100 pound oxygen bottle slipped and he fell while trying to catch it. The claim was held compensable for a left rotator cuff injury, and Mr. Hatfield was found disabled from work for less than four days. On April 13, 2012, Mr. Hatfield  underwent a left shoulder arthroscopy with acromioplasty, bursectomy, debridement of

1

the labrum and subscapularis rotator cuff repair. Stanley S. Tao, M.D., found Mr. Hatfield has not reached maximum medical improvement and requested a biceps tenodesis. Prasadarao B. Mukkamala, M.D., and Marsha Bailey, M.D., found that Mr. Hatfield has reached maximum medical improvement for his compensable injury. Dr. Bailey found that no further treatment of any kind is needed for the compensable injury. Dr. Mukkamala and James B. Anderson, M.D., found that there is no evidence to support the proposed surgery. The claims administrator denied the request for a biceps tenodesis based on the July 12, 2012, independent medical examination of Dr. Bailey. The claims administrator also denied the request for reopening the claim for temporary total disability benefits. Mr. Hatfield is not appealing the temporary total disability benefits issue.

The Office of Judges affirmed both of the claims administrator's decisions and held that the requested biceps tenodesis is for treatment of a non-compensable condition. It also held that further temporary total disability benefits are not warranted. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Hatfield disagrees and asserts that Dr. Tao is best qualified to opine that his symptoms have not improved since the initial left shoulder arthroscopy because he has operated on him in the past and knew what his symptoms were prior to the arthroscopy. Mr. Hatfield further argues that Dr. Tao was correct in asserting that additional treatment was needed because when the requested biceps tenodesis was performed, it showed that he suffered an injury to his left biceps, which was not treated during the initial surgery. Huntington Alloys Corporation argues that Mr. Hatfield has reached maximum medical improvement for the compensable injury and that the requested biceps tendoesis is for treatment of a non-compensable condition, which Mr. Hatfield suffered in both of his shoulders and not just the compensable left shoulder. Huntington Alloys Corporation further argues that three separate evaluating physicians found the requested biceps tendoesis to be unnecessary and certainly unrelated to the compensable injury.

The Office of Judges considered the reports of Dr. Bailey, Dr. Mukkamala, Dr. Anderson, and Dr. Tao. Dr. Bailey and Dr. Mukkamala both found Mr. Hatfield has reached maximum medical improvement for the compensable injury. Dr. Mukkamala also found Mr. Hatfield to have the slightest degree of instability and normal strength in both shoulders. Dr. Anderson, Dr. Bailey, and Dr. Mukkamala all found a biceps tenodesis is not medically necessary for the compensable injury. The Office of Judges noted that Dr. Tao is the only physician of record who believes the surgery for the biceps is necessary. The Office of Judges pointed out that the claim was held compensable for a rotator cuff repair and not for the biceps. The Office of Judges also found that Dr. Tao's December 13, 2012, report shows he found Mr. Hatfield to have normal strength in his shoulders. The Office of Judges concluded that Mr. Hatfield's statement that Dr. Tao wanted to perform a biceps tenodesis to see if there is a problem with the prior rotator cuff repair is contrary to Dr. Tao's office notes, which indicated that he wants to perform a left biceps muscle and tendon surgery. The Office of Judges found that the evidence establishes Mr. Hatfield has good range of motion in the left shoulder and excellent strength. Therefore, the Office of Judges concluded, based on the present record and a rotator cuff injury being the only compensable diagnosis, that a biceps tenodesis is unwarranted for the compensable injury.

This Court affirms the Board of Review's decision to affirm the Office of Judges' May 20, 2013 Order. Mr. Hatfield is requesting a surgery for his biceps when only a rotator cuff injury has been held compensable. Dr. Bailey, Dr. Mukkamala, and Dr. Anderson all found a biceps tenodesis is not medically necessary for the compensable injury. Mr. Hatfield has failed to prove that a biceps tenodesis is required to treat his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II